IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-01384 (ESL) |
| CARLOS H. ORTIZ COLON<br>MARIBEL RODRIGUEZ RIOS | CHAPTER 11 |
| Debtors | |
| IN RE: | CASE NO. 19-01386 (ESL) |
| VAQUERIA ORTIZ RODRIGUEZ, INC. | CHAPTER 11 |
| Debtor | |

OPINION AND ORDER

The above captioned cases were scheduled for a hearing to be held on September 24, 2019 to consider the debtors' motion requesting authorization to each lease 10,000 liters of milk quota, the opposition to the debtors' request filed by the Puerto Rico Milk Industry Regulatory Office ("ORIL"), and the reply to ORIL's opposition filed by secured creditor Condado 4, LLC ("Condado"). The hearing could not be held due to the closing of the court on account of Tropical Storm Karen. The motions to lease milk quota were filed on July 8, 2019 and the term of the lease requested is six (6) months. The funds obtained from the lease will be used to pay secured creditor Condado and will allow the debtors to obtain a loan to buy milking heifers to maximize their milk production and be able to confirm the chapter 11 plan. Debtors request this court's authorization to lease the milk quota and once the lease is approved by the bankruptcy court a notarized contract will be prepared and submitted to ORIL. Due do the imminent need of the debtors for a remedy, and the court finding that the request is appropriate, the court declines to continue the hearing and grants debtors' request for the reasons that follow.

ORIL does not object the request but limited to 5,000 quarts of milk quota because Section 12 of Puerto Rico Milk Industry Production Quota Transactions Registry Act ("ORIL

-1-

Act"), 5 L.P.R.A. § 1136, provides for such limitation except in cases where the dairy production is affected by any catastrophic event or by any cattle disease.

Condado replied alleging that the ORIL Act provisions, §§ 1126 – 1129, must be construed jointly with its implementing regulation, Regulation 7 to Establish the Norms and Rules that Govern the Operation of the Quota Transaction Registry of the Milk Industry, as amended on November 12, 2015. Sections 7(B), ¶¶ 3 and 8, of Regulation No. 8660 contemplate a bankruptcy exception (the "Bankruptcy Exception") allowing the lease of quotas in excess of 5,000 quarts.

Regulation No. 8660, § 7(B), ¶¶ 1, 3, 8 provides as follows:

The lease in excess of 5,000 quarts will only be allowed when an **unforeseen event** as defined by this Regulation occurs or in active cases before the U.S. Bankruptcy Court…
…
In the case of dairy farmers acting pursuant to the provisions of the U.S. Bankruptcy Code… They must make reference to the Order of the U.S. Bankruptcy Code and establish that [the lease] is requested to comply with the Payment Plan provided by such forum.

ORIL sur-replied alleging that leasing quota beyond the 5 thousand-quart mark is prohibited by Puerto Rico law and regulations. *See* P.R. Laws Ann. tit. 5, Sec. 11362; Reg. 8660, Sec. 7(B)(1). Notwithstanding, Puerto Rico law and regulations create narrow exceptions such as in "any catastrophic event or by any cattle disease," in "unforeseen event[s]" and in "active cases before the U.S. Bankruptcy Court." *See* P.R. Laws Ann. tit. 5, Sec. 1136; Reg. 8660, Sec. 7(B)(3). Regulation 8660 acknowledges exceptional circumstances but does not authorize *ipso facto* a lease in excess of the statutory and regulatory limitations. Rather, the regulation creates a mechanism to seek an exception from the agency. Reg. 8660, Sec. 7(B)(3). ORIL also correctly alleges that debtors in possession must operate within the laws and regulations of the state and may not circumvent legitimate state regulations related to property.

-2-

Condado responded reemphasizing the bankruptcy exception to the applicable statutory and regulatory provisions under applicable Puerto Rico law. Particularly, ORIL's Regulation No. 7, as amended, affords the Debtor the following exception to allow it to lease quotas in excess of 5,000 quarts biweekly: "[t]he lease in excess of 5,000 quarts will only be allowed [] in active cases before the U.S. Bankruptcy Court…In the case of dairy farmers acting pursuant to the provisions of the U.S. Bankruptcy Code… They must make reference to the Order of the U.S. Bankruptcy Code and establish that [the lease] is requested to comply with the Payment Plan provided by such forum." ORIL's Regulation No. 8660, § 7(B), ¶¶ 1, 3, 8. ORIL's Regulation No. 8660, § 7(B)(3) also requires the Debtor to submit with ORIL a written request to lease the milk quota in excess of the 5,000 quarts and attach the supporting documents.

The uncontested facts of this case show that the number of liters to be leased, when compared to the bi-weekly milk production quota of 93,010 liters, is not significant. The lease term requested is only six months. A review of the claims register, and the schedules filed by the debtors, show that Condado is by far the largest creditor and that reaching an agreement on the repayment of its close to $4,000,000 secured claim is the key to reorganizing the debtors and for presenting a confirmable chapter 11 plan. Thus, the court concludes that the lease of the milk quota is critical to a successful chapter 11 reorganization.

In view of the foregoing, the court grants debtors' request to lease milk quota. The court is conscious that the process does not end with such a determination. The debtors must further comply with Regulation 7 procedures and present the request to ORIL for approval.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of September 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-